IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

———

**HENRY M. SMITH and DESIREE SMITH,**

      Plaintiffs,

v.                                                            No. CIV 06-21 BB/LCS

**CITY OF ROSWELL, BILL OWEN, Mayor, LARRY LOY, CHARLIE PURCELL, RAMON GONZALES, FERNANDO HERNANDEZ, LARRY PARKER, and KATHY BOURANDAS,**

      Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING SUMMARY JUDGMENT

THIS MATTER comes before the Court on *Defendants' Motion for Summary Judgment* (doc. 33). Having read the briefs and being otherwise advised, the Court finds the Motion supported by law and it will be Granted.

### *Standard of Review*

Summary judgment is appropriate if there is no genuine issue about any material fact and if the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party has the burden to show this. *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 982 (10th Cir. 2002). In response, the nonmoving party must come forward with "specific facts showing that there is a "genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

To avoid summary judgment, the nonmoving party may not rest upon the mere allegations in the pleadings but must show, at a minimum, an inference of the existence of each essential element of the case. *Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1016-17 (10th Cir. 2001) (citing *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994)). When viewing the evidence, the Court must draw reasonable inferences in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587. To survive a motion for summary judgment, affidavits must show that the witness has personal knowledge and must set forth facts that would be admissible in evidence; conclusory and self-serving statements are insufficient. *Salguero v. City of Clovis*, 366 F.3d 1168, 1177 n. 4 (10th Cir. 2004). While the evidence need not be in a form that is admissible at trial, the content or substance of the evidence must be admissible. *Pastran v. K-Mart Corp.*, 210 F.3d 1201, 1204 n. 1 (10th Cir. 2000).

### *Procedural Background*

Plaintiffs' house was condemned and demolished by the City of Roswell ("City") in December 2002. Plaintiff Henry Smith filed suit against the City in New Mexico State Court, Chaves County, in December 2002. The State District Court rejected Plaintiff's claim and entered judgment against Plaintiff in November 2003. Plaintiff timely appealed and the New Mexico Court of Appeals affirmed the District Court in a memorandum opinion, entered March 22, 2004. Plaintiff Henry Smith, now joined by his wife, Desiree Smith, filed this suit on January 9, 2006, challenging not only the condemnation and demolition, but also the state court decisions on the grounds the First, Fourth and Fifth Amendments to the United States Constitution were violated.

### *Issue Preclusion and Federal Abstention*

**Defendants contend this Court lacks jurisdiction over Plaintiffs' complaint because it was filed beyond the applicable statute of limitations and res judicata and collateral estoppel bar relitigation of state claims and issues. Plaintiffs do not dispute the fact that a state court suit was previously brought seeking damages for the demolition of their home. Indeed, they repeatedly refer to the state case and implore this Court to right the wrongs of the state court. They set out their claims in this case as derivative of their state claims:**

> **The issues presented in this action is very clear, the City adopted an ordinance which required the city to get a search warrant. The Judge ruled that the city should have went by this ordinance, they did not, yet what we are presenting to this court is the Constitutional issues that this ruling has invoked.**
>
> **Our argument here is that the decision of the District Court is clouded in his ruling. The argument presented in the District Court was for trespass, even though the Plaintiff wants to relitigate this issue, it is on the grounds of clarifying the ruling of the District Court. A Court should not grant summary judgment on res judicata grounds where scope of earlier decision is unclear.**

**Pls. Ans. Br. p. 6. Plaintiffs further attempt to avoid the effects of res judicata by pointing out that the rulings of the state court were unconstitutional.[1]**

---

[1]  Count I was violation of the 4th Amendment which involved the Defendants participation of seizing the Plaintiff's property without obtaining a search warrant. This particular count was partially ruled on by the Judge of the 5th Judicial Court, but his ruling, as pointed out earlier in this motion was unconstitutional....

Count 2 pertains to the violation of the 5th Amendment of the Constitutional Rights which consist of willfully seizing and destroying the private property of the Plaintiff without just compensation. This violation was ruled on but contains a two edged sword, the Judge, in his ruling said the City should have went by the adopted ordinance, but ruled that taking of the property was legal and this action does not constitute a taking without adequate compensation. How can it be a violation of their own ordinance, yet there be no penalty for the Defendants?

Pls. Ans. Br. pp. 7-8.

Under the *Rooker-Feldman*[2] doctrine, federal courts are prohibited from reviewing state court decisions. *Lance v. Dennis*, 546 U.S. ---, 126 S. Ct. 1198 (2006). In other words, lower federal courts have no authority to act in an appellate capacity to review state court decisions. *Clements v. Chapman*, 2006 WL 1739826 (10th Cir.). This Court is, therefore, without jurisdiction to consider Counts I and II.

As to Count III, Plaintiffs argue it "was never argued in the previous litigations." Pls. Ans. Br. p. 8. However, an examination of Counts III and IV indicate they involve the same events surrounding the destruction of Plaintiffs' house, covered by Counts I and II. Count III alleges Plaintiffs were deprived of their rights under the Fourteenth Amendment to the United States Constitution, to-wit:

> A.   The Smiths were denied any and all of their rights to go upon their property or to protect their property on the morning of December 12, 2002, as there was armed policeman present while this demolition was taken place. This action maybe decided by a lower court a armed robbery. This denied the Smiths their property and had to stand by helplessly while the City and its employees knowingly went onto the property, removed property and damaged and destroyed other properties of the Smiths which did include the house and its contents. This includes other things such as fences, utilities and all underground sprinkler systems, including sewer and gas lines, all vegetation, curbing and sidewalks. They were denied any and all due process and equal protection.

Pls. Compl. p. 20.

While litigants are entitled to their day in court, they cannot raise the same factual claims in federal court after being unsuccessful in state court. "One bite at the apple is

---

[2] The doctrine derives its moniker from two decisions of the United States Supreme Court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) (lower federal courts are prevented "from exercising jurisdiction over cases brought by state court losers challenging state court judgments rendered before district court proceedings commenced").

4

enough." *Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 223 (3d Cir. 2003) (quoting *Employees Own Fed. Credit Union v. City of Defiance*, 752 F.2d 243, 245 (6th Cir. 1985)).  Under New Mexico law, claims in a second lawsuit are precluded not only if they were, but could have been, raised initially.  *Moffat v. Branch*, 118 P.3d 732 (N.M. App. 2005), *cert. quashed*, 132 P.3d 1039 (N.M. 2006).

Count IV again refers to the alleged illegal demolition claiming Defendants violated the First Amendment by "not allowing Morgan Smith nor his friend Ron Sturdevant to assemble on said property" during the demolition.  Compl. pp. 20-21.  Neither Morgan Smith nor Ron Sturdevant are plaintiffs in this action, so the current Plaintiffs have no standing to protect whatever rights the individuals named may possess.  *See Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005) (each plaintiff must suffer personal injury to bring First Amendment claim).  Since this claim also arises from the demolition, it would therefore also be barred by collateral estoppel and issue preclusion.

### *Limitation of Actions*

The condemnation and demolition underlying this action undisputedly took place on December 12, 2002.  This suit was filed January 9, 2006.  If Plaintiffs are seeking damages for constitutional injuries to their persons or liberties, their claim was barred three years and a day; *i.e.*, December 13, 2005.  *Owens v. Okure*, 488 U.S. 235, 248-50 (1989); *Blake v. Dickason*, 997 F.2d 749 (10th Cir. 1993) (forum state's statute of limitations for personal injury is the statute of limitations for § 1983 claims); NMSA 1978 § 37-1-8 (1990) (statute of limitation for injuries to the person is three years).

Plaintiffs reference *Benally v. Hundred Arrow Press, Inc.*, 614 F. Supp. 969 (D.N.M. 1985), *rev'd*, 858 F.2d 618 (10th Cir. 1988), for the proposition that their claim is governed by a four-year statute of limitations. The *Benally* court analyzed the issue of the statute of limitations for a claim brought under New Mexico state law for the tort of invasion of privacy. The issue of the statute of limitations for a federal § 1983 claim was not addressed. Plaintiffs also rely upon *Hurley v. Village of Ruidoso*, 131 P.3d 693 (N.M. App. 2005), which dealt with the application of the statute of limitations under New Mexico law for liens against real property. There were no liens involved in this case. However, even if Plaintiffs' claim is a "property claim" and properly considered under a four-year statute of limitations, collateral estoppel requires Plaintiffs to have brought their claims in the earlier state action.

## O R D E R

For the above stated reasons, Defendants' motion is GRANTED, and judgment is entered in favor of Defendants.

SO ORDERED this 18th day of October, 2006.

                                                **BRUCE D. BLACK**
                                                **United States District Judge**

**For Plaintiffs *Pro Se*:**
    Henry M. & Desiree Smith, Roswell, NM

**For Defendants:**
    Barbara A. Patterson, ATWOOD MALONE TURNER & SABIN, Roswell, NM